UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIA LOURDES DURAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 2:23-cv-00373-EJY<br><br>**ORDER** |

**I.   Background**

Pending before the Court is Plaintiff's Brief asking the Court to reverse the decision of the Administrative Law Judge ("ALJ") and award benefits. ECF No. 10. Plaintiff contends that the ALJ's failure to identify a "significant range of work" she can perform requires a finding of "disabled" under the Social Security Act.[1] *Id*. at 5-6 *citing Lounsburry v. Barnhart*, 468 F.3d 1111 (9th Cir. 2006). Defendant responds and contends "[t]he proper course upon a finding of harmful error is a remand for further administrative proceedings 'except in rare circumstances.'" ECF No. 14 at 2 *citing Treichler v. Comm'r of Social Security Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Defendant argues there is an outstanding question of fact regarding the nature of Plaintiff's transferrable skills. *Id*. at 3. In support of his position, Defendant quotes an exchange between the

---

[1]   To establish a claimant is disabled under the Social Security Act, there must be substantial evidence that:

1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

ALJ and the Vocational Expert ("VE") who testified during the December 15, 2021 administrative hearing.[2]

In her Reply, Plaintiff argues there is no issue of fact to resolve because the ALJ identified Plaintiff's acquired skills in his decision as follows: "**9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568)**.  The vocational expert testified that the claimant's past relevant work as composite job of cashier checker and stock clerk was semi-skilled with a Specific Vocational Preparation (SVP) code of 3 and required the following skills: cash register." ECF No. 15 at 4 *citing* AR 54 (emphasis in original).  Plaintiff says that because the ALJ identified Plaintiff's acquired skills applicable to only one occupation, Plaintiff must be found disabled. *Id*.

**II.     Discussion**

The Court has discretion to remand a case either for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996) (internal citation omitted).  The Court "may direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Id.* (citation omitted).  In the past, courts "have credited evidence and remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id*. (citations omitted).

Plaintiff relies on *Lounsburry*, 468 F.3d at 1116-17, and *Maxwell v. Saul*, 971 F.3d 1128, 1130-31 (9th Cir. 2020), to support her argument that Defendant committed a critical error when he failed to identify a significant range of work Plaintiff could perform at step five of the sequential process that must be used to determine whether a Social Security claimant is disabled within the meaning of the Social Security Act.[3]  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §

---

[2] Specifically, the VE was asked: "So, since [Plaintiff] worked as a casher checker as part of her work experience for upwards of 12 years, she would have transferable skills, would she not to go to a cashier checker position in a stand-alone position?" *Id. quoting* the Certified Administrative Record ("AR") at 89.  The VE answered, "Well, certainly, I don't know if she would say yes, but you could see it that way." *Id. quoting id.*

[3] Step 5 of the sequential process states: "Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(f)(1).  If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national

2

404.1520(a).  Importantly, while the claimant carries the burden of proof at steps one through four, it is the Commissioner of Social Security who carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520.

In *Lounsburry*, the Ninth Circuit found the plaintiff had skills that transferred to one occupation within that plaintiff's Residual Functional Capacity, but that one occupation did not constitute a significant range of work required by Rule 202.00(c).[4]  *Lounsburry*, 468 F.3d at 1117. The Ninth Circuit confirmed this holding in *Maxwell* when the court held that "two occupations [also] do not constitute a significant range of work …." 971 F.3d at 1130-31.

In this case, Plaintiff argues that because the ALJ identified only one occupation with significant numbers in the national economy Plaintiff could perform, Defendant did not satisfy his burden of showing a *significant range* of work was available for Plaintiff.  Thus, Plaintiff concludes she, like the plaintiffs in *Lounsburry* and *Maxwell*, must be found disabled.

As explained in *Maxwell*,

> At step five of the sequential process, the [Social Security] agency may meet its burden either "(1) by the testimony of a vocational expert, or (2) by reference to the Medical–Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Tackett*, 180 F.3d at 1099. The Medical–Vocational Guidelines, or "the grids," are a "short-hand method for determining the availability and numbers of suitable jobs for a claimant." *Id.* at 1101.  Based on a claimant's functional capacity, age, education, and work experience, the grids direct a determination that the claimant is either "disabled" or "not disabled." *Id.* "Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Lounsburry, …,* 468 F.3d … [at] 1115 …, *as amended* (Nov. 7, 2006).  "[W]here application of the grids directs a finding of disability, that finding must be accepted by the Secretary" [of Social Security.] *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989)

*Maxwell*, 971 F.3d at 1130-31.  Here, as was true in *Maxwell*, there is no dispute that Plaintiff was an individual of advanced age at the onset date of disability.  AR 54.  There is also no dispute that Plaintiff has a high school education and acquired skills from her past relevant work. *Id*. There can be no dispute that the ALJ's decision states: "The vocational expert responded and testified that

---

economy that the claimant can do.  There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2.  If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520(f), 404.1562.  If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *See id.*"

[4]   Rule 202 is found at 20 C.F.R. pt. 404, subpt. P, app. 2.

representative occupations such an individual could perform include: cashier checker with … a SVP of three. There would 197,500 jobs in the national economy. The transferable skills included cash register." AR 54-55. For this reason, the ALJ concluded Plaintiff was not disabled. *Id*.

Because Plaintiff is limited to "light exertional level work" (AR 53), is of advanced age, can no longer perform her past relevant work (AR 54), and has a transferrable skill (AR 55), the Medical-Vocational Guidelines, also known as "the grids," and specifically grid Rule 202.07, governs Plaintiff's case. *Maxwell*, 971 F.3d 1130-31; AR 55 (stating "a finding of 'not disabled' is appropriate under the framework of Medical-Vocational Rule 202.07."). However, as the decision in *Maxwell* establishes, because Plaintiff is of an advanced age, "[f]ootnote 2 of Rule 202.07 directs … that Rule 202.00(c) also governs whether a claimant like … [Plaintiff] is disabled." 971 F.3d at 1131. This Rule states:

> [F]or individuals of advanced age who can no longer perform vocationally relevant past work and ... who have only skills that are not readily transferable to a *significant range* of semi-skilled or skilled work that is within the individual's functional capacity, ... the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled.

20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.00(c) (emphasis added).

Simply stated, whether Plaintiff is disabled is dependent upon whether she, an individual of advanced age who can no longer perform past relevant work, has skills transferrable to a *significant range* of work. If there is a significant range of work Plaintiff can perform, she is not disabled. If there are only one or two occupations Plaintiff can perform, this is not a significant range of work and Plaintiff must be determined to be disabled. At the risk of redundancy, the Ninth Circuit analyzed "the meaning of the phrase 'significant range of work'" finding one occupation did not meet this requirement. *Lounsburry*, 468 F.3d at 1117. The court found that because Social Security Ruling 83-10 "defines the phrase 'Range of Work' as 'All or substantially all occupations existing at an exertional level,'" one occupation could not meet the definition of a "range." *Id*. The Ninth Circuit confirmed its analysis in *Maxwell* when it stated two occupations also does not meet the definition of a "range of work." 971 F.3d at 1131.

Given no dispute that the VE testified and identified only one semi–skilled occupation Plaintiff could perform—"cashier checker (DOT 211.462-014)"—and the ALJ relied on this

4

testimony to find Plaintiff was not disabled (AR 55), there is nothing more that must be determined before a contrary finding is entered by the Court. The VE identified, and the ALJ accepted, one occupation Plaintiff could perform as sufficient to establish no disability. AR 54, 55, 89. No conflict is created by the exchange between the ALJ and the VE quoted below at footnote 2. Defendant's conclusion that this exchange "constitutes an outstanding factual issue that needs to be resolved on remand" is just that, a conclusion unsupported by any argument or law. *See* ECF No. 14 at 3.

Defendant admits the ALJ erred at step five of the sequential process applicable to determining whether Plaintiff is disabled. *Id*. The Court finds there are no outstanding issues that must be resolved before this error is corrected and a determination of disability can be made. There is one occupation—cashier checker—Plaintiff can perform. This one occupation does not represent a significant range of work. *Lounsburry*, 468 F.3d at 1117; *Maxwell*, 971 F.3d at 1131. The Court further finds the record is clear that the ALJ would be required to find Plaintiff disabled were this evidence credited as true in accordance with well-settled law.

### III.  Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 10), seeking remand and an award of benefits is GRANTED. This case is remanded for an immediate award of benefits. The Clerk of Court must enter judgment accordingly and close this case.

DATED this 18th day of October, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE